JAEHNIG & PEOPLES, INCORPORATED, A CORPORATION, PLAINTIFF AND APPELLEE, v. ISAAC FRIED, DEFENDANT AND APPELLANT.

Submitted July 5, 1912—Decided December 13, 1912.

1. To recover in an action for the value of goods sold and delivered there must be proof of delivery and acceptance.
2. In an action to recover for the value of materials sold and delivered, it is erroneous for the judge to instruct the jury as a matter of law that the "materials were delivered to the defendant," when it appears that they were not installed as a part of the plant for which they were intended, and when the evidence upon the part of the defendant tends to show that before the materials were brought to his premises he notified the plaintiff "not to deliver them" as they were "not needed" and that the plaintiff said "all right."

On appeal from the Second District Court of the city of Newark.

Before Justices TRENCHARD, PARKER and MINTURN.

For the appellant, *Michael J. Tansey.*

For the appellee, *William Greenfield.*

The opinion of the court was delivered by

TRENCHARD, J. This is the defendant's appeal from a judgment in favor of the plaintiff entered upon a verdict of a jury in the District Court.

The action was to recover for, first, work done, and second, for materials sold and delivered in connection with the steam heating plant in the defendant's house.

No doubt the motions to nonsuit and direct a verdict were properly denied. A part of the claim was for work done, and the evidence as to that presented a jury question. As we shall presently point out, the proofs upon the other branch of the claim likewise presented a jury question as to that.

But we think the charge of the court was erroneous and requires a reversal.

The defendant insisted that there was no delivery and acceptance of the materials.

Of course, to recover in an action for the value of goods sold and delivered, there must be proof of delivery and acceptance. *Perdicaris* v. *Trenton City Bridge Co.*, 5 *Dutcher* 367; *McNeal* v. *Braun*, 24 *Vroom* 617; *Lummis* v. *Millville Manufacturing Co.*, 43 *Id.* 25; 2 *Add. Cont. (Morgan's ed.)*, § 588.

The learned trial judge charged the jury as a matter of law, that the materials "were delivered to the defendant."

That was erroneous. The question whether there had been a delivery was, under the evidence, for the jury. The materials in question consisted of a "fire pot" and "section" of a steam boiler. The materials were never installed, and the evidence upon the part of the defendant tended to show that before the materials were brought to his premises he caused the plaintiff to be notified "not to deliver them," as they were "not needed," and that the plaintiff said "all right." It was, therefore, erroneous for the judge to determine that question as a matter of law.

The judgment under review will be reversed and a *venire de novo* awarded.